## QUINN'S, Inc., et al. v. CHAZANOW.

### No. 1314.

Court of Civil Appeals of Texas. Waco.

March 16, 1933.

Rehearing Denied May 18, 1933.

Allan McDonnell, of Waco, for appellants.

Spell, Naman & Howell, of Waco, for appellee.

STANFORD, Justice.

Plaintiff, Frank Chazanow, alleged that on January 21, 1932, Quinn's, Inc., a corporation, entered into a tentative contract in writing with the plaintiff, under the terms of which the corporation agreed to sell all of its merchandise, furniture, fixtures, equipment, lease, and good will for the purchase price of $2,500, plus the inventory of the merchandise at prevailing market prices; that the defendant Frank R. Quinn represented to the plaintiff that he (Frank R. Quinn), his wife, Mrs. Alice A. Quinn, and Allan V. McDonnell were the sole owners of the capital stock of the corporation, and were the directors thereof, and that said Mrs. Alice A. Quinn would vote in favor of said contract and that the said Allan V. McDonnell had only one share and would vote in favor of said contract. Plaintiff charged that said defendant Frank R. Quinn wrongfully failed to place the plaintiff in possession, under the terms of the contract, although the plaintiff stood ready, able, and willing to perform. Plaintiff alleged further that Frank R. Quinn represented to him that he (Quinn) had authority from the corporation to make said sale and that the plaintiff relied upon said representation, and that, if the said Frank R. Quinn did not, in truth and in fact, have such authority, then the defendant Frank R. Quinn had been guilty of fraud, for which he was liable for the damages previously enumerated. The damages referred to were, attorney's fees incurred, $100, the reasonable value of plaintiff's time consumed in the transaction alleged, $75, the reasonable value of clerk hire in making inventory, $20, the good will of defendant Quinn's, Inc., and the lease on the building of the value of $250, the difference between the market value at Waco, Tex., on January 21, 1932, for the furniture and fixtures located in the store of Quinn's, Inc., and the contract price, in the sum of $1,000. That the defendant Quinn's, Inc., was a corporation, duly organized under the laws of Texas. Defendants then charged that Frank R. Quinn and the plaintiff, Chazanow, did undertake to reach an agreement under the terms of which the corporation should sell to the plaintiff a business owned by said corporation; that after reaching a tentative agreement in reference to the price to be paid, the plaintiff, Chazanow, informed the said Quinn's, Inc., that he would not accept the execution of the contract unless the said Frank R. Quinn was authorized by a resolution of the board of directors of the corporation to execute the same on behalf of said corporation; that after said matter was fully discussed and plaintiff had ascertained all of the facts in reference to the board of directors, and the circumstances surrounding said board of directors, the said Chazanow stated that the contract would not be acceptable unless a ratification by the directors was had at a regular called meeting for such purpose;

the said Chazanow later emphatically stated that he would not go ahead with the transaction unless and until the execution of the contract was ratified or authorized by the board of directors, as hereinbefore stated; that after a meeting of the directors was held, at which all directors were present, Mrs. Alice A. Quinn, a director, refused to vote for the resolution for authorization and ratification, and the said Allan V. McDonnell, not being in truth and in fact a director, stated at said meeting that he would not act as a director, and thereupon the said resolution of authorization and ratification could not be, and was not, adopted; that this information was immediately communicated to the plaintiff, who withdrew from the contract and announced he would not proceed further. The defendants alleged that if, under the circumstances, there was a binding contract, they were ready, willing, and able to carry same out, but had been prevented from doing so by the refusal of the plaintiff to proceed with the same.

The case was submitted to the jury on special issues, who, in response thereto, found as follows:

"1. That it was understood and agreed between the plaintiff Frank Chazanow and the defendant F. R. Quinn that the contract in question was not to be binding unless ratified by the directors of the corporation.

"2. That the plaintiff Chazanow refused to accept the fixtures, the good will, the merchandise and lease because the directors of the corporation refused to ratify the contract.

"3. That the reasonable market value of the fixtures, lease and good will on the date in question was $2650.00.

"4. That F. R. Quinn represented to the plaintiff that he had authority to execute the contract in question.

"5. That the plaintiff relied upon the representation.

"6. That the directors of the corporation knew at the time the contract was made that Quinn had represented that he had authority to execute the contract for the corporation.

"7. That defendant Quinn represented or agreed that the other directors would vote to ratify the contract.

"8. That Chazanow relied upon such representation or agreement on the part of Quinn that he would have the directors approve or ratify said contract."

The jury found in response to the first and second special issues, and same clearly appears from the evidence, that it was understood and agreed by the plaintiff, Frank Chazanow, and defendant F. R. Quinn that the contract in question was not to be binding until same was ratified by the directors of the corporation, and, notwithstanding the fact that F. R. Quinn represented that such

would be done, the plaintiff, Chazanow, refused to accept Quinn's representation, and said contract never was authorized or ratified and never became a binding contract on either of the parties. It is further true that the jury found that it was understood and agreed between the parties that the contract in question would not become binding upon either party thereto unless and until the said contract was authorized and ratified by the board of directors of Quinn's, Inc., which was never done. The court erred in rendering judgment against F. R. Quinn individually for the difference between the market value of the property and the contract price, or for any other amount, because such could not be the measure of damages, except for a breach of contract, and, where the contract, under the findings of the jury, never became operative, as a binding contract, judgment could not be rendered for either party thereto on account of an alleged breach thereof, nor could F. R. Quinn be liable to plaintiff for damages, as for a breach of contract, since Quinn did not own the property and since his sole connection with the property was in a representative capacity; that the directors could not ratify the contract—in fact, there never was any contract to be ratified. The said F. R. Quinn received nothing for the contract, and the plaintiff parted with nothing; therefore neither party had a right of recovery against the other.

Appellee could not successfully maintain the suit on a contract against F. R. Quinn, or for Quinn's, Inc., because there was no such contract in existence, and such a suit could not have been maintained against Quinn for a false statement, or for his inability to convey title to the property owned by the corporation. There are many other reasons why we think the plaintiff in this case showed no right whatever to a recovery on any theory in the case.

Said cause is hereby reversed and rendered in favor of appellant F. R. Quinn.